IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Criminal No. 4:20cr27 |
| ) | |
| JOSEPH M. CHERRY, II, ) | |
| ) | |
| Defendant. ) | |

POSITION OF UNITED STATES
WITH RESPECT TO SENTENCING FACTORS

In accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A1.2, the United States of America, through its attorneys, Raj Parekh, Acting United States Attorney for the Eastern District of Virginia, and Brian J. Samuels, Assistant United States Attorney, hereby represents that it has reviewed the Probation Office's pre-sentence report (hereinafter "PSR") and that it does not dispute any of the facts or factors set forth therein. For the reasons to follow, as well as those to be offered during the sentencing hearing on March 11, 2021, the United States respectfully requests that the Court impose a sentence at the higher end of the advisory guideline range on Counts One and Five. Such a sentence properly reflects the factors referenced in 18 U.S.C. § 3553(a).

### BACKGROUND

On May 29, 2020, the defendant, Joseph M. Cherry, II, was charged in a ten-count indictment returned by a grand jury in the Eastern District of Virginia, Newport News Division. Cherry was charged with four counts Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts One - Four); one count of Theft of Government Property, in violation of 18 U.S.C. § 641 (Count Five); three counts of False Statements to Small Business Administration, in violation of 18 U.S.C. §

1014 (Counts Six – Eight); and two counts of Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. § 1057 (Counts Nine – Ten).

On October 23, 2020, the defendant pled guilty to Counts One (Wire Fraud) and Five (Theft of Government Property) of the indictment, which carry maximum penalties of twenty years and ten years, respectively. *See* 18 U.S.C. §§ 1343, 641. As the detailed PSR and the Statement of Facts reveal, the defendant's convictions (which are his second series of federal fraud convictions) stem from his fraudulent efforts to obtain benefits provided to businesses and individuals impacted by the COVID-19 pandemic. *See generally* PSR at ¶¶ 5.1 –5.29, 7. These benefits were provided through the CARES Act, signed into law at the advent of the pandemic and administered through the United States Small Business Administration (SBA).

The defendant took full fraudulent advantage of the SBA Paycheck Protection Program (PPP) and the Economic Injury Disaster Loan (EIDL) – both of which were designed and expanded to provide relief for struggling small businesses. The defendant submitted multiple fraudulent applications for such programs in March and April 2020, whereby he provided false information as to various claimed businesses, employees, assets and other areas – all in an effort to obtain disaster related funds that should have gone to deserving and needy applicants. He also concealed on these applications his prior federal convictions and his current tenure on federal supervised release. He obtained an actual EIDL loan in the amount of nearly $200,000. Other applications either were halted once the fraud was realized or were not funded, but clearly the defendant would have continued to try and fraudulently obtain benefits had he not been arrested in early May 2020.

When the defendant received the loan proceeds through a transfer to Langley Federal Credit Union (LFCU) in April 2020, he proceeded to withdraw large portions of the funds in cash and falsely advised a bank teller he was employed as a general contractor. The defendant also

obtained a cashier's check for $70,000, made payable to Global Concepts of Virginia, LLC, and also withdrew $35,000 in cash. These withdrawals all occurred out of the LFCU account (member number ending in 0837). CHERRY falsely advised a bank teller he was purchasing houses at auction and would return to the branch the following day to obtain the remaining $56,000.

On or about May 8, 2020, a search warrant was executed at the defendant's residence. Among other things, investigators located a LFCU cashier's check for $70,000, made payable to Global Concepts of Virginia, LLC, that represented proceeds of the scheme; a bill of sale and title for a 2000 Sterling Dump truck for $19,000; approximately $13,000 in cash; and a fictitious (fraudulent/forged) City of Virginia Beach Certificate of Business License for Global Concepts of Virginia.

In calculating the offense level for the defendant the Probation Office assigned a base offense level of 7 under U.S.S.G. § 2B1.1, with a ten-level increase for losses exceeding $150,000. Two points were also added for the offense involving conduct in violation of 18 U.S.C. § 1040. U.S.S.G. § 2B1.1(b)(12). Three points were subtracted due to the defendant's acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Thus, the defendant's total offense level is 16. As a criminal history category V, a total offense level of 16, the defendant's advisory sentencing guidelines range is **41-51 months** for both Counts One and Five.

## DISCUSSION

### A. GUIDELINE OBJECTIONS

The United States has reviewed the PSR and has no objections to its factual content or the application of the sentencing factors. Additionally, there no outstanding objections for the Court to resolve.

## B. SECTION 3553(A) FACTORS

The United States recognizes that a sentencing court may not presume that a sentence within the advisory guideline range is reasonable; however, the guidelines remain a significant and pivotal component of the sentencing process. The Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). Title 18, United States Code, Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant.

The United States submits that a consideration of the Section 3553(a) factors warrants a guideline sentence as the guidelines substantially do reflect the nature and circumstances of the offense and the defendant's background. Because of the nature of the offense and the defendant's repeated history of convictions for fraud, the United States recommends a sentence at the higher end of the advisory range.

### 1. Nature of the Offense

The defendant's scheme was particularly deplorable – taking advantage of COVID-19 benefits almost as soon as they became available. At a time of grave national difficulty, the defendant submitted multiple false applications to exploit the efforts of the SBA to get funds quickly to deserving entities. The defendant then withdrew and spent the funds almost immediately, limiting the full recovery of these disaster-relief benefits. It is particularly egregious that a defendant who receives one form of federal assistance already – in the form of Social Security disability payments – would commit fraud to obtain the benefits that should have gone to others.

A significant sentence will send a strong message that such benefit fraud will be swiftly and appropriately punished and that such individuals can and will be held accountable. The guidelines measure financial harm and the connection of the fraud to disaster relief.

**2. History and Characteristics of the Defendant**

The defendant's record reveals that such conduct is clearly not out of character for him. The defendant is a clear fraud recidivist with a Criminal History Category of V. The instant convictions are the second instance of the defendant committing a fraud scheme resulting in federal charges and convictions. In 2009, the defendant was charged (in this court) with an extensive fraud, money laundering and identity scheme involving losses of over $1.5 million. (PSR ¶ 44 – 4:09cr81). The defendant was sentenced to 112 months of incarceration, with five years of supervised release and ordered to pay restitution of $796,801.64. *Id.* In September 2018, the defendant violated the terms of his federal supervision based on additional fraud crimes and was sentenced to three months of imprisonment with four years of supervision to follow. The defendant was released from incarceration in February 2019 and, thus, committed the instant offenses just over a year after being on release. He was on terms of supervision in both federal and state courts when he committed these additional fraud offenses. The defendant has proven that he will take any opportunity to advantage himself by disadvantaging others.

The defendant's criminal record also includes many other instances of convictions related to fraud in the state courts. (PSR ¶¶ 33, 38, 39, 42, 45). The defendant had had his probation or suspended sentences revoked in the past due to his engaging in additional criminal conduct. Overall, the defendant's record (including the instant case) reveals that he has been convicted of over a dozen separate felony charges for fraud spread out across some six separate instances in the past fifteen years.

5

The defendant is 40 years old and a long-time resident of the Tidewater area. (PSR ¶ 62). The defendant had a stable upbringing with strong family relationships. (PSR ¶¶ 62-40). The defendant has one daughter. (PSR ¶ 64). The defendant is generally in good health, with no serious physical issues. (PSR ¶¶ 66-58). The defendant has received a number of mental health assessments and diagnoses, as well as being prescribed certain medications since he was released from incarceration on his prior federal offense. (PSR ¶¶ 69-71). Prior to his initial federal conviction, the defendant used alcohol and marijuana regularly and has tested positive for marijuana while on supervised release. (PSR ¶¶ 72, 74). The defendant is a high school graduate with some college courses. (PSR ¶ 76).

The defendant, although claiming to have been involved with various businesses as part of the instant offense, was receiving disability income from Social Security. (PSR ¶¶ 78, 80). The remainder of the defendant's employment history had either been sporadic, or involved ventures involved with his prior federal conviction. (PSR ¶¶ 81-91).

### 3. Need for Just Punishment and Respect for the Law

The defendant acted to defraud the United States of over $200,000 in a particularly vulnerable time for our nation. The defendant has engaged in this same type of conduct over a number of years and a variety of schemes. The seriousness of this conduct warrants a significant punishment. And as legislators consider whether to provide additional funds for relief, it is important for those who abuse and exploit these relief measures be held fully accountable so as to provide for greater public confidence.

### 4. Deterrence

The two types of deterrence at issue are general and specific. It is somewhat doubtful that the defendant can, in fact, be specifically deterred; certainly, past efforts to do so have failed. But

general deterrence remains a consideration. The benefits provided and available due to the COVID-19 pandemic are extensive. The public must look at the actions of the defendant in fraudulently exploiting such programs and know that such conduct cannot be tolerated. Individuals inclined to consider committing crimes like those of the defendant on the thought that the funds are easy to obtain and available must be made to pause in thinking about the consequences that follow.

Deterrence under Section 3553(a) is not limited to the necessary sentence to deter the defendant from engaging in further criminal conduct (specific deterrence), but also includes consideration of deterring other potential criminals from engaging in similar conduct (general deterrence). *United States v. Phinazee*, 515 F.3d 511, 515-16 (6th Cir. 2008) ("The plain language of the statute . . . also militates against limiting the authority of the court to specific deterrence . . We note that this conclusion comports with the longstanding and uncontroversial practice of considering general deterrence in sentencing.") "Because economic and fraud-based crime are 'more rational, cool and calculated than sudden crimes of passion or opportunity' these crimes are 'prime candidates for general deterrence.'" *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006).

    **5. Need to Protect Society**

The defendant engaged in conduct using a computer – easy to commit and sometimes difficult to trace and identify – and targeting widely available disaster benefits. He has been committing these same type of fraud offenses for years – exploiting any opportunity to defraud. Incarcerating the defendant for a significant period will remove him from the community and protect those individuals and entities who would suffer from his fraud schemes.

## CONCLUSION

For the foregoing reasons and others to be provided during the sentencing hearing on March 11, 2021, the United States respectfully requests that the Court impose a sentence at the higher end of the advisory range on Counts One and Five.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By:  _____/s/_____
Brian J. Samuels
Virginia State Bar No. 65898
Assistant United States Attorneys
Attorneys for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport, VA  23606
Phone: 757-591-4032
Email: brian.samuels@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification of such filing to the following:

Lawrence H. Woodward, Jr., Esq.
317 30th Street
Virginia Beach, Virginia 23451

I HEREBY CERTIFY that on this 4th day of March 2021, I sent a true and correct copy of the foregoing to the following by electronic mail:

Jeffrey A. Noll
Senior United States Probation Officer
827 Diligence Drive, Suite 210
Newport News, Virginia 23606

_____/s/_____
Brian J. Samuels
Virginia State Bar No. 65898
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport, VA  23606
Phone: 757-591-4032
Email: brian.samuels@usdoj.gov