# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Newport News Division



UNITED STATES OF AMERICA

v.

JOSEPH M. CHERRY, II,

Defendant.

Case Number: 4:20CR00027-001

USM Number: 58715-083

Defendant's Attorney: Lawrence Woodward, Jr.

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1 and 5 of the Indictment.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T.18, USC, Section 1343 and 2 | Wire Fraud | Felony | March 30, 2020 | 1 |
| T.18, USC, Section 641 and 2 | Theft of Government Property | Felony | April 24, 2020 | 5 |

On motion of the United States, the Court has dismissed with prejudice the remaining counts in the Indictment as to defendant JOSEPH M. CHERRY, II.

As pronounced on March 11, 2021, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Given this 11th day of March, 2021.

/s/
Rebecca Beach Smith
Senior United States District Judge

Rebecca Beach Smith
Senior United States District Judge

| Case Number: | 4:20CR00027-001 |
|---|---|
| Defendant's Name: | CHERRY, II, JOSEPH M. |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FIFTY-ONE (51) MONTHS. This term of imprisonment consists of a term of FIFTY-ONE (51) MONTHS on Count 1 and a term of FIFTY-ONE (51) MONTHS on Count 5, all to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

1) The defendant shall undergo a full mental health evaluation and receive all appropriate mental health treatment and counseling, in particular for his fraud mentality.

2) The defendant shall further his education by taking college courses, but not in the financial or business area.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 4:20-cr-00027-RBS-LRL   Document 34   Filed 03/12/21   Page 2 of 11 PageID# 211

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case

Page 2 of 6

Case Number: 4:20CR00027-001
Defendant's Name: CHERRY, II, JOSEPH M.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS. This term consists of a term of THREE (3) YEARS on Count 1 and a term of THREE (3) YEARS on Count 5, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number: 4:20CR00027-001
Defendant's Name: CHERRY, II, JOSEPH M.

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall pay for the support of his child in the amount ordered by any social service agency or court of competent jurisdiction and shall register with the Department of Child Support Enforcement in any state in which he resides.

2) The defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the Court upon the recommendation of the probation officer.

3) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

4) The defendant shall provide the probation officer access to any requested financial information.

5) The defendant shall participate in the Treasury Offset Program (TOP) as directed by the probation officer.

6) During the period of supervised release, the defendant shall provide a copy of his state and federal tax returns each year to the probation officer.

7) The defendant will be subjected to random urinalysis testing while on supervised release. If at any time, the defendant tests positive for the use of any controlled substance or abuse of alcohol, he will be required to participate in a substance abuse treatment and counseling program, to include in-patient treatment if necessary, at the direction and discretion of the probation officer. The defendant shall bear the partial cost of this program.

8) The defendant shall participate in a mental health treatment and counseling program at the direction and discretion of the probation officer, in particular for his fraud mentality. The defendant shall bear the partial costs of this program.

9) The defendant shall waive all rights of confidentiality regarding mental health/substance abuse treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation office and the treatment provider.

10) The court does not deny federal benefits because the denial is not applicable.

Case Number: 4:20CR00027-001
Defendant's Name: CHERRY, II, JOSEPH M.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $57,303.29 |
| 5 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$200.00** | **$0.00** | **$57,303.29** |

## FINES

No fines have been imposed in this case.

## COSTS

The Court waives the cost of prosecution, incarceration, and supervised release, except to the extent the defendant will have to bear costs as outlined in the Special Conditions of Supervision.

## FORFEITURE

The court entered a Consent Order of Forfeiture on March 11, 2021, which is made a part hereof, thereby becoming a money judgment in the amount of $143,427.39, to the extent all applicable notice and legal requirements set forth in the Consent Order of Forfeiture are met.

## RESTITUTION

See attached Restitution Order entered and filed on March 11, 2021.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

FILED
IN OPEN COURT

MAR 11 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 4:20CR27 |
| ) | |
| JOSEPH M. CHERRY, II ) | |
| ) | |
| Defendant. ) | |

## CONSENT ORDER OF FORFEITURE

BASED UPON the defendant's plea agreement with the United States, and FINDING that the requisite nexus exists between the property listed below, in which the defendant has an interest, and the offense(s) to which the defendant has pled guilty, IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 32.2 that:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) as well as 28 U.S.C. § 2461(c):

   $55,013.39 seized from a Langley Federal Credit Union account ending in 8379 and received by the Federal Bureau of Investigation on April 30, 2020;

   $70,000 seized from a Langley Federal Credit Union account ending in 8379 and received by the Federal Bureau of Investigation on May 20, 2020;

   $18,414 in U.S. currency seized from the defendant's home on May 8, 2020.

2. The United States shall seize all forfeited property and shall take full and exclusive custody and control of the same.

1

3. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6).

4. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice of the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of their alleged interest in the property.

5. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property in accordance with law.

6. The parties stipulate and agree that the aforementioned assets represent property described in 18 U.S.C. § 981(a)(1)(C) as well as 28 U.S.C. § 2461(c) and, as such, are subject to forfeiture thereunder. The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, and consents to the entry of this order.

Dated this 11th day of March 2021.

/s/
Rebecca Beach Smith
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

2

I ask for this:
Raj Parekh
Acting United States Attorney

By: _____
Brian James Samuels
Assistant United States Attorney
Attorney for the United States
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Office Number: (757) 591-4032
Facsimile Number: (757) 591-0866
Email Address: brian.samuels@usdoj.gov


Seen and Agreed
Joseph M. Cherry, II
Defendant

By: _____
Joseph M. Cherry, II

By: _____
Lawrence Hunter Woodward, Jr.
Attorney for Defendant
Ruloff Swain Haddad Morecock Talbert &
Woodward, PC
317 30th Street
Virginia Beach, VA 23451
Office Number: (757) 671-6047
Facsimile Number: (757) 671-6004
Email Address: lwoodward@srgslaw.com

FILED
IN OPEN COURT

MAR 11 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 4:20CR027 |
| ) | |
| JOSEPH M. CHERRY, II, ) | |
| ) | |
| *Defendant*. ) | |

## RESTITUTION ORDER

1. Pursuant to 18 U.S.C § 3663A(a)(1), the defendant is ordered to pay restitution in the amount of **$57,303.29**.

2. The amount of restitution paid to any victim, collectively, shall not exceed the victim's total loss from the offenses of conviction.

3. The Clerk of Court shall forward all restitution payments to: U.S. Small Business Administration, Office of Disaster Assistance, Processing and Disbursement Center, 14925 Kingsport Road, Fort Worth, TX 76155.

4. Interest:

    ✓ is waived.

    ____ accrues as provided in 18 U.S.C § 3612(f).

5. Notwithstanding any other provision of this Restitution Order or the sentence imposed, including the directive to make periodic payments, restitution is due in full and payable immediately from assets known and unknown and including assets identified in the Presentence Report. The Government may enforce restitution at any time.

6. If incarcerated, the Court encourages the defendant to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, to comply with the provisions of the financial plan, and to meet the defendant's financial obligation, pursuant to 28 C.F.R. § 545.10-11.

7. If restitution is not paid in full immediately, the defendant shall pay to the Clerk at least $ **350.00** per month or 25 percent of net income, whichever is greater, beginning 60 days after release from any period of confinement, or 60 days after sentencing if no confinement is imposed.

8. All payments shall be made to the Clerk of Court, United States District Court, 2400 West Avenue, Newport News, Virginia 23607.

9. Within 30 days of (a) any change of name, residence, or mailing address; and/or (b) any material change in economic circumstances that affects the ability to pay restitution, the defendant shall notify the Clerk of Court and the United States Attorney's Office, Financial Litigation Unit, 8000 World Trade Center, Norfolk, Virginia 23510.

10. No delinquent or default penalties will be imposed except upon Order of the Court.

/s/ -RBS
Rebecca Beach Smith
Senior United States District Judge

Honorable Rebecca Beach Smith
Senior United States District Judge

ENTERED this 11th day of March 2021.

at Newport News, Virginia

WE ASK FOR THIS:

Raj Parekh
Acting United States Attorney

SEEN AND AGREED:

Brian J. Samuels
Assistant United States Attorney
United States Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, Virginia 23606
Telephone 757- 591-4000
brian.samuels@usdoj.gov

Joseph M. Cherry, II
Defendant

Lawrence Hunter Woodward, Jr.
Counsel for Defendant
317 30th Street
Virginia Beach, VA 23451
Telephone: 757-671-6004
lwoodward@srgslaw.com

2

Case Number: 4:20CR00027-001
Defendant's Name: CHERRY, II, JOSEPH M.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment and restitution shall be due in full immediately.

The defendant shall pay to the Clerk at least $350.00 per month or 25% of net income, whichever is greater, beginning sixty (60) days from the inception of supervised release toward any restitution remaining unpaid. The court reserves the option to alter this amount, depending upon defendant's financial circumstances at the time of supervised release and depending upon how much restitution has been paid.

The special assessment and restitution shall be due in full immediately.

Interest on the restitution is waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.